**FARM CREDIT BANK OF TEXAS**

v.

**Lynwood L. VALLEE, et al.**

**Civ. A. No. 91–0310.**

United States District Court, W.D. Louisiana, Alexandria Division.

Dec. 10, 1992.

Kenneth David McCoy, Jr., McCoy & Hawthorne, Natchitoches, LA, Jean Marie Sweeney, William C. Gambel, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, LA, for plaintiff.

John William Luster, Luster, Connie & Brunson, Natchitoches, LA, for defendants.

## RULING

LITTLE, District Judge.

The motion for summary judgment submitted by Farm Credit Bank of Texas (FCBT) on the promissory note issue is GRANTED. The motion on the revocatory action issue is DENIED.

The facts are not in dispute. This is a perfect case for disposition by summary judgment.

### I. The Promissory Note

In June of 1985 defendants Lynwood L. Vallee and Emily McCain Vallee borrowed funds from the Federal Land Bank of Jackson, Mississippi. The Vallees executed a promissory note in the principal sum of $452,000. FCBT is the holder of that note, having acquired it through the liquidation of the Federal Land Bank of Jackson, Mississippi. The note is in default. FCBT seeks a judgment against the note makers for the balance owed on the note plus interest, costs, and attorney fees.

FCBT is entitled to the relief requested for the following reasons.

It is beyond peradventure that FCBT is a holder of the note or that Lynwood L. Vallee and Emily McCain Vallee signed the note. La.Rev.Stat.Ann. §§ 10:1–201 and 10:3–307(2). There is no opposition to the affidavit of the vice president for FCBT as to the balance owed on the defaulted note. There has been no defense raised by the makers. Thus, the motion for summary judgment on the promissory note against Lynwood L. Vallee and Emily McCain Vallee is GRANTED. Counsel for FCBT shall submit an appropriate judgment, bearing in mind, however, that we have no support for the quest for attorney fees.

### II. The Revocatory Action

This aspect of the case materially affects Thomas Holden Vallee, Conan Todd Vallee, Linnie Logan Vallee, and Travis Hodges Vallee. By two authentic acts passed in October of 1982 and September of 1983, T.H. Vallee donated a lifetime usufructuary interest, with right of disposition, over certain Grant Parish, Louisiana property to Lynwood L. Vallee. The naked ownership interests in the properties were also the subject of donations by T.H. Vallee. The naked ownership donees were certain trusts, the principal and income beneficiaries of which were Thomas, Conan, Linnie, and Travis Vallee, later collectively referred to as trust beneficiaries. Lynwood L. Vallee, by authentic act, renounced his usufructuary interest by instrument dated 15 January 1990, which he registered in the public records of Grant Parish, Louisiana on 1 February 1990. The effect of the renunciation was to amass all of the bundle of rights of ownership in the trustee for the trusts. This meant that the trustee would receive the property income that was formerly beamed to Lynwood L. Vallee. Moreover, the trustee would have the same rights of disposition that Vallee had, subject to the terms of the trusts.

All of this may seem rather immaterial, but for the fact that Lynwood L. Vallee was insolvent when he made the renunciation and that the renunciation made him further insolvent. As Lynwood Vallee's

creditor, FCBT viewed its debtor's largess with alarm and filed this revocatory action on 13 February 1990. Uncontested facts of critical importance include the bankruptcy filing under Chapter 12 by Lynwood L. Vallee and his wife on 10 July 1990 and, by an order signed on 25 January 1991, the dismissal of that bankruptcy.

■ The revocatory action is a right accorded a creditor to annul his debtor's transfer if the transfer causes or increases the obligor's insolvency.

> An obligee has a right to annul an act of the obligor, or the result of a failure to act of the obligor, made or effected after the right of the obligee arose, that causes or increases the obligor's insolvency.

La.Civ.Code Ann. art. 2036 (West 1987). There is no dispute that the obligation to FCBT predates the renunciation. The note was signed in 1985 and was assigned to FCBT in 1989. The act of renunciation was signed on 15 January 1990.

No party contests the conclusion that the renunciation let the air out of Vallee's solvency. In the Vallee voluntary bankruptcy petition of July 1990, the Vallees declared debts of nearly $1 million and assets of slightly in excess of $400,000. In his deposition, Lynwood Vallee admits that when he renounced the usufruct, he was insolvent and that at the time of renunciation the usufruct had value and that the renunciation exacerbated the insolvency.

■ The only serious dispute, which is critical indeed, deals with the timeliness of FCBT's revocatory action.

> The action of the obligee must be brought within one year from the time he learned or should have learned of the act, or the result of the failure to act, of the obligor that the obligee seeks to annul,

but never after three years from the date of the act or the result.

La.Civ.Code Ann. art. 2041 (West 1987). The public record filing of the gratuitous renunciation occurred on 1 February 1990. Assuming that date to be the date when creditor FCBT should have learned of the act (and no party suggests otherwise), then suit should have been filed no later than 1 February 1991.

Plaintiff argues, but incorrectly we think, that its filing on 13 February 1991 is timely and tolls the statute. The Vallees filed bankruptcy on 10 July 1990. Federal law extends a prescriptive period to 30 days after the filing of an order terminating the bankruptcy.

> Except as provided in Section 524 of this title, if applicable nonbankruptcy law, ... fixes a period for commencing ... a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of:
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201 or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C. § 108(c). Plaintiff suggests that the one-year prescriptive period created by Civil Code article 2041 has been suspended by application of 11 U.S.C. § 108(c).[1] We note that:

> Ann. arts. 3461 and 3458 (West Supp.1992); *Thomassie v. Savoie,* 581 So.2d 1031 (La.Ct.App. 1st Cir.1991). The Code citations instruct that renunciation, suspension, and interruption are not applicable to peremption. The mere passage of time, without court action, extinguishes the right of action subject to a peremptive period.

---

1. We use the term "prescriptive" intentionally and after due consideration of defendants' argument that the period is peremptive and not prescriptive. The law, jurisprudence, and comments to article 2041 lead to no other conclusion that the one-year term is a prescriptive period and the three-year period peremptive. See La.Civ.Code Ann. art. 2041 comments (a), (b), and (c) (West 1987); *see also* La.Civ.Code

Prescription runs against all persons unless exception is established by legislation.

La.Civ.Code Ann. art. 3467 (West Supp. 1992). We look closely at subsection (c) of 11 U.S.C. § 108 to determine if federal legislation requires suspension of prescription. The words of the statute accord relief from the running of the statute to the debtor or anyone protected by 11 U.S.C. § 1201 or 1301. The plaintiff is not benefited by section 1201 or section 1301. Both of those sections create a stay of action against a co-debtor of the bankrupt on a consumer debt either in a Chapter 12 or Chapter 13 procedure.

The plain language of the statute is controlling. *Watt v. Alaska,* 451 U.S. 259, 101 S.Ct. 1673, 68 L.Ed.2d 80 (1991). Nothing has been presented indicating Congressional intention other than that expressed in the literal language of the statute. *Consumer Product Safety Commission v. GTE,* 447 U.S. 102, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980). We find no holiday on prescription running against the donees of an obligor in a revocatory action in the light of the facts of this case. Louisiana law describes the obligor as one who must be joined in the litigation. La.Civ.Code Ann. art. 2042 (West 1987). Rule 19 of the Federal Rules of Civil Procedure sets the standard for the trial court when considering the absence of an indispensable party such as the obligor. The federal district court is well able to fashion a remedy to accommodate the absence of an indispensable party.

In conclusion, plaintiff's motion for summary judgment is DENIED. It is suggested that defendants file a motion for summary judgment so that this matter may be appropriately disposed of by a final judgment.